## SUPPLEMENTAL JAVIER HIDALGO

## REFUGEE AND IMMIGRANT CENTER FOR EDUCATION AND LEGAL SERVICES

I, Javier Hidalgo, make the following declaration based on my personal knowledge and declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct.

1. I am the Legal Director at the Refugee and Immigrant Center for Education and Legal Services ("RAICES"). I am submitting this declaration to supplement the original declaration that I submitted in this case, signed February 11, 2025. *See* ECF No. 3-7.

2. Since my last declaration, RAICES has continued to expend staff time and resources responding to the government's transfers of immigrants from detention centers within the United States to the U.S. military base at Guantánamo Bay, Cuba. This includes nearly-daily monitoring of our records to see whether any of our detained clients have been transferred. We have also had to respond to people in detention and their families who are contacting us because they are afraid they might be subject to the transfers since we work with people from Venezuela with final orders of removal.

3. To date, the government is still not providing notice if people have been transferred to Guantánamo; my understanding is that ICE's Detainee Locator does not reflect their actual location if that are at Guantánamo.

4. On February 24, 2025, after learning that there were more transfers over the weekend, my staff checked the A Numbers of the detained clients we were working with against the ICE Detainee Locator to identify which clients may have been transferred over the weekend. We realized that four of our clients were transferred to undisclosed locations. The ICE Detainee Locator notified us to "Call Field Office" rather than listing a specific location of detention. We tried calling the phone number listed on the ICE Detainee Locator but the listed number is not in services.

5. I have seen the government's filing in this case describing the new "protocols" for attorney access at Guantánamo. The government says attorneys can request legal calls by using the instructions on ICE.gov, however, I have not seen any instructions posted there. The government also seems to say that only attorneys with G-28 forms on file can request calls. However, an important part of our work is talking to people in detention in a pre-representational or consulting capacity. We cannot assess whether an individual wants our services, what legal options they have, or whether we could take on their case until after at least one, if not multiple, conversations with an individual. Requiring G-28s to already be on file would functionally impede our ability to represent people detained at Guantánamo unless we already had a G-28 notice on file.

6. The government also still will not allow legal visits to Guantánamo. This means that legal service organizations like ours cannot conduct Know Your Rights presentations or meet with people one-on-one after such group presentations. In my experience, most immigrants in detention do not have a background in immigration law and usually do not speak English proficiently, so they do not even know what their rights or legal options

are. It is an important part of RAICES' work to be able to go in-person to detention centers to inform people about their rights in a group setting as well as to review legal documents while conducting intakes, assessing people's options, and documenting the conditions at the facility.

7. Without in-person visits or any way to exchange documents electronically, it seems the only way to send or receive legal documents would be by mail. This is already incredibly cumbersome within the United States because we would need to wait for the individual to send us their legal paperwork, review that, and then exchange several drafts of documents with them before finalizing and getting their signature. For that reason, RAICES often goes in-person to meet with clients or arranges with the detention facility to collect signatures after we are able to review a declaration with them over the phone. My understanding is that mail would only be delivered once a week to Guantánamo, which would mean it could take a month or much longer to get a declaration or application done. This kind of delay would impede our ability to represent people detained at Guantánamo.

8. The new attorney access protocols that the government has adopted for Guantánamo are deficient and nowhere close to what is provided for in ICE detention centers in the United States.

Executed this  24  th day of February, 2025, in San Antonio, Texas.

_____
Javier Hidalgo
Legal Director
Refugee and Immigrant Center for Education and Legal Services