DECLARATION OF JAMES CONNELL

I, James G. Connell, III, declare pursuant to 28 U.S.C. § 1746, as follows:

1. My name is James G. Connell, III. I am an attorney in good standing currently licensed in the states of Virginia, Maryland, and New York, I am also a member of the bars of the Supreme Court of the United States, the D.C., Fourth, and Ninth Circuits, and a variety of federal district courts, including the District of D.C. I serve as Learned Counsel (a statutory role) and *habeas corpus* counsel for Ammar al Baluchi in the United States Military Commissions, which are convened jointly onboard Naval Station Guantanamo Bay (NSGB) and in a location in Northern Virginia. I am not a government employee; I represent Mr. al Baluchi as Learned Counsel under a contract with the Department of Defense and as *habeas* counsel *pro bono*. I also represent Muhammad Rahim al Afghani on a *pro bono* basis before the Periodic Review Board, which is convened jointly onboard NSGB and an undisclosed location in the continental United States. I possess a TOP SECRET//SECURE COMPARTMENTED INFORMATION (TS//SCI) security clearance.

2. My first visit to NSGB was in 2008, and I have visited NSGB routinely since 2011 (except during the COVID-19 pandemic, when travel to NSGB was restricted). I have traveled to NSGB over ninety times. In total, I have spent over 700 nights onboard NSGB. I am intimately familiar with living conditions for attorneys onboard NSGB, and over the years have lodged at the Navy Gateway Inns and Suites, the Navy Lodge, the Combined Bachelor's Quarters, East Caravella, the Camp Justice tents, the Camp Justice Containerized Housing Units (commonly referred to as "the Cuzcos"), and the Bay Hill Containerized Housing Units.

3. I have represented clients who have been imprisoned in Camps V, VI, and VII. Camp VII has been decommissioned. At least until very recently, Camp VI was under the control of Joint Task Force-Guantanamo (JTF-GTMO); Camp V is still under the control of JTF-GTMO. In the course of my legal representation, I frequently visit detainees imprisoned onboard NSGB for in-person attorney visits. I have conducted over 200 attorney-client visits with people imprisoned onboard NSGB, primarily at the former Central Intelligence Agency black site known as Camp Echo 2. I have extensively litigated the conditions under which these attorney-client visits take place. Under my supervision, team members and experts have conducted inspections of Camps V, VII, and Echo 2.

4. As a result of my legal representation, I have become familiar with the training and clearance requirements for travel to NSGB. After completion of training required by the United States Southern Command (SOUTHCOM), travelers apply for theatre clearance, which is reflected on the Aircraft and Personnel Automatic Clearance System (APACS). Separately, a traveler to NSGB must have permission to enter the base, which for non-government employees who do not reside onboard NSGB is reflected on Form SecNav 5512, Department of the Navy Local Population ID Card/Base Access Pass Registration. A non-government employee who does not reside onboard NSGB must present a passport

and APACS printout to board a plane to NSGB, and a passport and SecNav 5512 to enter the base. No security clearance is required to travel to NSGB, and I frequently travel on flights to NSGB with friends or family of base residents with no connection to the United States government.

5. On Saturday, 15 February 2025, I travelled to NSGB for confirmed legal meetings with my two clients. I conducted multiple attorney-client meetings and remained onboard NSGB until Saturday, 22 February 2025. My most recent attorney visit at Echo 2 was 21 February 2025.

6. Based on news reports, I was aware that the government had begun to transport and hold immigrant detainees on the base. This increased activity was obvious as soon as I arrived. New tent structures were visible in the Leeward Side during landing which had not been in place during my last visit in January 2025. Military officers were conducting a briefing on detention operations in the air terminal lobby as I arrived. At the ferry terminal, I had to wait an extra hour because the first utility boat was at capacity due to increased military personnel.

7. Because I am one of the few private attorneys who regularly conduct in-person legal visits with people held in government custody onboard NSGB, several legal service providers reached out to me to request that I try to conduct in-person legal visits with the immigrant detainees. I understood from media reports and other sources that immigrant detainees were being held at Camp VI on the Windward Side; I knew of the existence of infrastructure for migrant detention on the Leeward Side but did not know if it was in use.

8. On Monday, 17 February 2025, I sent an email to Captain Michael Stephens (NSGB), Colonel Steven Kane (JTF-GTMO), and Joint Task Force-Guantanamo Litigation Support Services (JTF-LSS), which generally arranges attorney visits to law-of-war prisoners held by JTF-GTMO onboard NSGB. A true and accurate copy of this email correspondence is attached to this declaration as Exhibit A.

9. In my email communication, I requested an attorney meeting with Luis Alberto Castillo Rivera and Tilso Ramon Gomez Lugo at any reasonable time between Monday, 17 February, and close of business on Friday, 21 February 2025. I wrote to Captain Stephens and Colonel Kane as the immigration detainees appeared to be held in military custody by military guards at Camp VI, similar in some respects to my law-of-war clients. I also wrote to them because I did not know if the immigration detention chain of command ran through the JTF-GTMO or NSGB. At the time, I did not know of the existence of JTF-SG.  I copied JTF-LSS with my request, because I did not know whether it was handling attorney visits for immigrant detainees. In light of the unusual circumstances, I also requested that I be able to meet with any other immigrant detainees, time permitting, and

noted that I would be willing to meet in any facility appropriate for attorney-client communication.

10. On Tuesday, 18 February 2025, Colonel Jennifer Venghaus emailed me back, stating that my request for an in-person attorney visit had been forwarded to her. She stated that the "JTF-GTMO and NSGB commanders are not involved in the custody of illegal aliens [sic] at NSGB," but that they were in the custody of the Department of Homeland Security (DHS) and Immigration and Customs Enforcement, with Joint Task Force Southern Guard providing support to DHS. Colonel Venghaus informed me that my request "has been received and forwarded to the Department of Homeland Security for action."

11. On Wednesday, 19 February 2025, I replied to Colonel Venghaus, asking her to provide the correct point of contact at DHS/ICE (and if applicable, JTF-SG) for my present and any future requests for in-person attorney visitation with immigrant detainees held at Guantanamo. The request for a point of contact is a standard part of military correspondence, to ensure that a request is made to the appropriate person. Colonel Venghaus did not respond.

12. On Thursday, 20 February 2025, I sent a follow-up email to Colonel Venghaus, hoping to have attorney-client visits on Friday, 21 February 2025, prior to my departure from NSGB on Saturday, 22 February 2025.

13. As of this date, I have not received a response to my inquiry to Colonel Venghaus. I understand from her declaration dated 19 February 2025, and submitted in *Las Americas et al. v. Noem*, No. 1:25-cv-418 (D.D.C.), at ECF No. 14-3, that "JTF-SG and DHS are evaluating the feasibility of authorizing counsel travel to NGSB for in-person counsel visits, in light of the extensive logistical challenges with such visits, the potential need for counsel to possess security clearances, and the potentially high volume of counsel attempting to conduct such visits."

14. I am intimately familiar with the logistical challenges associated with travel to NSGB. As mentioned above, I have traveled to NSGB over ninety times for a total of over 700 nights. I lead a weekly meeting, one element of which is tracking compliance with the logistical requirements for travel to NSGB and meeting with clients. Although significant, these logistical challenges are manageable, and non-government employees travel to NSGB to fulfill their contracts, visit family or friends, and even tourism.

15. I am generally familiar with procedures to pass security clearances to other agencies, as I have at times been required to pass my security clearance to the Department of Justice, Federal Bureau of Investigation, or local military bases. In my experience, a request to pass a security clearance generally begins with a request for my Social Security number

and a point of contact in my security chain of command. I have not received any communication from JTF-SG regarding my security clearance.

16. I was not permitted to conduct any in-person visits with immigrant detainees held at Guantanamo, although I hold a TS//SCI clearance, and was already physically present on the island.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 23rd day of February, 2025, in Bethesda, Maryland.

_____
James G. Connell, III

# EXHIBIT A



James Connell <james.connell@connell-law.com>

## FW: Request for attorney visit with immigration detainees (CUI)

**James Connell** <jconnell@connell-law.com>　　　　　　　　　　　　　　　　Thu, Feb 20, 2025 at 7:42 AM
To: "Venghaus, Jennifer L COL USARMY ARSOUTH (USA)" <jennifer.l.venghaus.mil@army.mil>
Cc: Matthew Engle <matthew@donovanengle.com>

> Colonel Venghaus,
>
> I am writing to follow up on our requests for attorney visits and an appropriate point of contact. We request that the attorney visits take place tomorrow, Friday, 21 February.
>
> Best regards,
>
> James Connell
> (703) 623-8410
>
> On Wed, Feb 19, 2025 at 07:35 James Connell <jconnell@connell-law.com> wrote:
>> Colonel Venghaus,
>>
>> Thank you for your email. Can you please provide the correct point of contact at DHS/ICE (and if applicable, JTF-SG) for this and future requests for attorney visits?
>>
>> Best regards,
>>
>> James Connell
>> (703) 623-8410
>>
>> On Tue, Feb 18, 2025 at 09:27 Venghaus, Jennifer L COL USARMY ARSOUTH (USA) <jennifer.l.venghaus.mil@army.mil> wrote:
>>> Mr. Connell,
>>>
>>> Your email to COL Kane and CAPT Stephen was forwarded to me. The JTF-GTMO and NSGB commanders are not involved in the detention of illegal aliens at NSGB. Illegal aliens at NSGB are in the custody of the Department of Homeland Security and Immigration and Customs Enforcement, with Joint Task Force Southern Guard providing support to the Department of Homeland Security. Your request has been received and forwarded to the Department of Homeland Security for action.
>>>
>>>
>>> V/R,
>>>
>>> COL Venghaus
>>>
>>>
>>> Jennifer L. Venghaus
>>>
>>> COL, JA
>>>
>>> Staff Judge Advocate
>>>
>>> JTF-Southern Guard
>>>
>>> [Currently at Naval Station Guantanamo Bay]

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged, protected, and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited.  If you have received this e-mail in error, please notify sender by telephone or e-mail reply and permanently delete any printout of the message, the original and any copy of the e-mail.  Attorney-Client Privilege, Attorney Work Product, Do Not Copy, Do Not Forward, Do Not Release Under FOIA.

---

**From:** James Connell <jconnell@connell-law.com>
**Sent:** Monday, February 17, 2025 8:53 AM
**To:** Stephen, Michael Ross (Heavin') CAPT USN NAVSTA GTMO BAY CU (USA) <michael.r.stephen.mil@us.navy.mil>; Kane, Steven L COL USARMY SOUTHCOM JTF GTMO CC (USA) <steven.l.kane2.mil@mail.mil>
**Cc:** SOUTHCOM NS Guantanamo Bay JTF GTMO SJA Mailbox LSS <southcom.gtmo.jtf-gtmo-sja.mbx.lss@mail.mil>; Matthew Engle <matthew@donovanengle.com>
**Subject:** Request for attorney visit with immigration detainees

Captain Stephens and Colonel Kane,

BLUF: We are private attorneys onboard Naval Station Guantanamo Bay, and respectfully request attorney visits with immigration detainees,

Matthew Engle and I are counsel for three detainees at Camp 5, and have confirmed visits with our clients this week. We are attorneys in good standing, and meet the DHS standards for attorney visits with immigration detainees. Although we do not understand a clearance to be required in this situation, we hold TS//SCI clearances.

We respectfully request attorney visits with Luis Alberto Castillo Rivera and Tilso Ramon Gomez Lugo at any reasonable time between now and COB Friday, 21 February. According to public reports, Mr. Castillo Rivera and Mr. Gomez Lugo are currently being held in Camp 6 after being transferred from El Paso. At the moment, they appear to be held in military custody by military guards, and their living situation is similar in some respects to our law-of-war clients. We do not know if the immigration detention chain of command runs through JTF or NSGB, which is why we are addressing this email to both of you. We do not know if LSS is handling attorney visits in this situation, so have copied them on this email.

As explained in the ACLU's 7 February letter to Secretaries Hegseth, Noem, and Rubio, Mr. Castillo Rivera, Mr. Gomez Lugo, and all other prisoners transferred from the continental United States retain their constitutional rights, including the right to consult counsel. DHS policy also plainly provides for visits with attorneys, including in a pre-representational capacity.

We are available for meetings with Mr. Castillo Rivera and Mr. Gomez Lugo until Friday, 21 February. Given the unusual circumstances, we are willing to meet with any other immigration detainee as well, time permitting. We are willing to meet in any facility offering a private space appropriate for attorney-client consultation..

Thank you for your attention to this matter. Please confirm receipt of this email. I am the point of contact for next steps, and am available at (703) 623-8410.

Best regards,

James G. Connell, III

CLASSIFICATION: CUI