**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Johon ELIAS SUAZO-MULLER, *et al.*, ) <br> ) <br> *Plaintiffs-Petitioners*, ) <br> ) <br> v. ) <br> ) <br> KRISTI NOEM, Secretary of Homeland Security, in ) <br> her official capacity, *et al.*, ) <br> ) <br> *Defendants-Respondents*. ) | No. 1:25-cv-418-CJN |

**DECLARATION OF SCOTT MICHELMAN IN SUPPORT OF
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

I, Scott Michelman, declare as follows:

1. I am over 18 years of age and a resident of the District of Columbia. I make this declaration based on my personal knowledge of the matters described.

2. I am a member of the bar of this Court and one of the attorneys for the Plaintiffs in this matter.

3. I graduated *magna cum laude* from Harvard Law School in 2004. After a federal appellate clerkship, I have been a litigator since 2005, primarily in the field of civil rights.

4. I have worked at the American Civil Liberties Union of the District of Columbia (ACLU-DC) since 2016 and have been its legal director or co-director since 2018. From 2011 to 2016, I practiced at Public Citizen Litigation Group, where class action litigation under Rule 23 was one of my major practice areas.

5. I have represented class plaintiffs in a number of class action proceedings in the federal courts of appeals and at the U.S. Supreme Court, including victories as counsel of record in *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442 (2016) (holding that predominance

1

inquiry could be satisfied by representative proof in wage-and-hour class action and that plaintiff class had been properly certified), and as lead counsel in *Roach v. T. L. Cannon Corp.*, 778 F.3d 401 (2d Cir. 2015) (holding that individualized damages determinations alone cannot preclude class certification under the predominance inquiry and vacating the denial of class certification).

6. I was or am among class (or putative class) counsel for successful plaintiffs in *J.D. v. Azar*, 925 F.3d 1291 (D.C. Cir. 2019) (class action on behalf of unaccompanied minor immigrants denied access to abortions; injunctive relief and class certification largely affirmed on appeal); *Banks v. Booth*, 468 F. Supp. 3d 101 (D.D.C. 2020) (granting preliminary injunction requiring D.C. Department of Corrections to improve conditions of confinement to address threat of COVID-19; class settlement later approved, April 2022); and *Mathis v. United States Parole Comm'n*, ___ F. Supp. 3d ___, No. 1:24-CV-01312 (TNM), 2024 WL 4056568 (D.D.C. Sept. 5, 2024) (granting preliminary injunction requiring two federal agencies to grant accommodations to individuals with disabilities who are on parole or supervised release), *class cert. granted sub nom. Davis v. U.S. Parole Comm'n*, No. 1:24-CV-01312 (TNM), 2025 WL 457779 (D.D.C. Feb. 11, 2025).

7. I was lead counsel for the plaintiff in *Hinton v. District of Columbia*, 567 F. Supp. 3d 30 (D.D.C. 2021). Although this putative class action did not result in a certified class, it produced a settlement for substantial policy changes benefiting members of the putative class.

8. I was among counsel for the putative plaintiff class in *Costa v. Bazron*, 464 F. Supp. 3d 132 (D.D.C. 2020) (suit on behalf of residents of Saint Elizabeths Hospital challenging repeated failure to adopt constitutionally adequate emergency response plans for health

emergencies, including COVID-19 pandemic). Although a class was never certified, the Court granted a preliminary injunction requiring conditions improvements that benefited all putative class members, and the parties ultimately settled on terms that required policy changes that benefited all putative class members.

9. Each spring semester beginning in 2015, I have been appointed Shikes Fellow in Civil Liberties and Civil Rights and Lecturer on Law at Harvard Law School, where I have taught the upper-level course Civil Rights Litigation for 11 years.

10. I am the author of the law school textbook Civil Rights Enforcement, now in its Second Edition (Aspen 2023).

11. My colleague Arthur B. Spitzer serves as the senior counsel at the ACLU-DC. He has worked at our organization, which was previously known as the American Civil Liberties Union of the National Capital Area, for 45 years, serving as its legal director or co-legal director until spring 2020. Mr. Spitzer has been counsel in hundreds of federal lawsuits. Among them have been numerous class action lawsuits, including *Dellums v. Powell*, 566 F.2d 167 (D.C. Cir. 1977) (class action for damages on behalf of 1,200 falsely accused demonstrators); *Smith v. Montgomery County*, 573 F. Supp. 604 (D. Md. 1983), *appeal dismissed*, 740 F.2d 963 (4th Cir. 1984) (class action for damages on behalf of thousands of arrestees unlawfully strip-searched at detention center); *Green v. District of Columbia*, 134 F.R.D. 1 (D.D.C. 1991) (class action for injunctive relief regarding health care, legal materials and educational opportunities for prisoners); *LaShawn A. v. Barry*, 990 F.2d 1319 (D.C. Cir. 1993) (class action for injunctive relief on behalf of children in D.C. foster care); *Lampkin v. District of Columbia*, 27 F.3d 605 (D.C. Cir. 1994) (class action to obtain school transportation for homeless children); *Barry v. Little*, 669 A.2d 115 (D.C.

1995) (class action challenging cutoff of welfare benefits*); Carr v. District of Columbia*, 587 F.3d 401 (D.C. Cir. 2009) (class action for damages arising out of mass arrest); and *Wood v. Moss*, 572 U.S. 744 (2014) (class action for damages arising out of breakup of peaceful demonstration). He is also one of plaintiffs' counsel in *J.D.*, *Hinton*, *Banks*, and *Costa*, discussed above.

12. I believe that Mr. Spitzer and I will fairly and adequately represent the interests of the class proposed to be certified in this case.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Washington, D.C. on April 21, 2025.

_____

Scott Michelman